IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ASRA Q. NOMANI,<br>    Plaintiff,<br><br>    v.<br><br>ATIF QARNI, IN HIS OFFICIAL AND<br>INDIVIDUAL CAPACITY,<br>    Defendant. | Case No. 1:22-cv-1065-MSN-WEF |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 13). Having considered the motion, and for the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## I.    BACKGROUND

Plaintiff Asra Q. Nomani, proceeding *pro se*, alleges that Defendant Atif Qarni, former Virginia Secretary of Education (1) violated Nomani's First Amendment right to free speech and retaliated against her for that speech, and (2) violated her Fourteenth Amendment right to procedural due process. (Dkt. No. 1 ("Compl.") ¶¶ 42–100). Nomani seeks remedies for these violations under 42 U.S.C. § 1983. *Id.* at 1.

Nomani is a resident of Fairfax County and a parent of a child who was a student at the Thomas Jefferson High School for Science and Technology ("TJ") in the fall of 2020, when the events giving rise to this Complaint occurred. Compl. ¶ 1. At that time, Qarni served as the Secretary of Education of the Commonwealth of Virginia. *Id.* ¶ 2. Nomani served as an officer on the executive committee of TJ's Parent Teacher Student Association ("TJ PTSA"). *Id.* ¶ 1.

1

On August 5, 2020, Nomani emailed Qarni's office to request information for a story she was pursuing with regard to proposed changes to TJ's admissions policies, as well as about Qarni's public presentations on the topic. *Id*. ¶ 4. Six days later, Nomani published a column opposing changes to TJ's admissions policies and supporting its practice of using race-blind, merit-based tests during the admissions process. *Id*. ¶ 5. In the column, Nomani wrote that she and other parents had created a group, Coalition for TJ, to formally "oppose Secretary Qarni's overhaul of admissions to the school as targeted discrimination against Asian American students." *Id*. ¶ 6.

Nomani alleges that on August 21, 2020, Qarni's executive assistant contacted TJ PTSA to inform the group of Qarni's desire to host a series of public listening sessions to debate the proposed admissions changes and "request[ed] two [TJ] PTSA members to join him in a virtual panel discussion." *Id*. ¶ 8. Nomani further alleges that, upon learning that the TJ PTSA would select Nomani as a panelist, Qarni informed the group that Nomani "could not be a panelist" due to her purported associations with a hate group. *Id*. ¶ 15. Nomani alleges that Qarni restricted her ability to represent the group because she had publicly criticized Qarni and opposed his attempts to change TJ's existing admissions policies. *Id*. ¶ 72. Qarni allegedly stated that "he would block the TJ PTSA from participating" if Nomani was selected to speak at the event. *Id*. The TJ PTSA nonetheless subsequently informed Qarni that Nomani would be one of the organization's two representatives at the listening session, after which Qarni informed the TJ PTSA President that the group "doesn't need to be represented on the panel." *Id*. ¶¶ 27, 33.

On September 15, 2020, Qarni held a virtual listening session regarding TJ admissions policies. *Id*. ¶¶ 26, 40. Nomani alleges that Qarni "banned [her] and the TJ PTSA from participating as panelists" at the listening session. *Id*. ¶ 39. Nomani alleges that Qarni "never provided [her] with an opportunity to challenge his rejection of her as a speaker." *Id.* ¶ 41. Nomani

further alleges that she was denied the ability to participate in two subsequent virtual events:  a "town hall" for TJ alumni held on September 17, 2020 (*id*. ¶ 26) and a "public meeting" for Asian-American community leaders on December 1, 2020 (*id*. ¶ 41).

Nomani filed this three-count Complaint on September 19, 2022. First, Nomani alleges that Qarni restricted her participation in public discussions of TJ's admissions policies based on her opposing views, violating the First Amendment. *Id*. ¶¶ 43–66. Second, Nomani alleges that Qarni, a government official, impermissibly engaged in retaliation by restricting her access to a public forum because she spoke critically of the government. *Id*. ¶¶ 67–73. Third, Nomani alleges that Qarni violated her Fourteenth Amendment right to procedural due process by denying her an opportunity to oppose Qarni's decision before she was prohibited from participating as a panelist at the September 15, 2020 virtual listening session. *Id*. ¶¶ 77–78.

On January 30, 2023, Qarni moved to dismiss the Complaint. *See* (Dkt. No. 13) ("Mot."); (Dkt. No. 14) ("Def. Mem."). Qarni argues that Nomani's claims are time-barred, and, alternatively, that Nomani fails to state a claim for relief.  Def. Mem. at 7–9, 18. Nomani did not file a response to Qarni's motion.[1]

## II.    LEGAL STANDARD

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[1]    Although a plaintiff "waives the right to contest the arguments made [in a motion to dismiss]" when he fails to respond to the motion, *Prince v. Clarke*, No. 2:17-cv-007, 2018 WL 2033700, at *6 (E.D. Va. Mar. 21, 2008) (citing *Westry N. Carolina AT&T State Univ.*, 286 F. Supp. 597, 600 (M.D.N.C. 2003), *aff'd*, 94 F. App'x 184 (4th Cir. 2004)), a district court "nevertheless has an obligation to review the motion[] to ensure that dismissal is proper," *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement" and "a formulaic recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; see *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

Defendants may raise a statute of limitations issue as an affirmative defense in response to a plaintiff's cause of action pursuant to Rule 12(b)(6). *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 475 (4th Cir. 2005). Dismissing a claim based on statute of limitations grounds pursuant to Rule 12(b)(6) is appropriate "only if the time bar is apparent on the face of the complaint." *Manion v. North Carolina Medical Board*, 693 F. App'x. 178, 180 (4th Cir. 2017) (citing *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017)) (internal quotation marks omitted).

A complaint by a *pro se* plaintiff should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). But the Court's "task is not to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nor does the liberal pleading standard "excuse a clear failure in the pleadings to allege a federally cognizable claim." *Laber v. U.S. Dep't of Defense*, No. 3:21-cv-502, 2021 WL 5893293, at *2 (E.D. Va. Dec. 13, 2021) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)).

## III.    ANALYSIS

Qarni argues that Nomani's claims as they relate to the September 15, 2020 listening session should be dismissed because Nomani failed to timely assert them. Def Mem. at 7. The Court agrees.

Nomani seeks remedies pursuant to 42 U.S.C. § 1983, alleging that Qarni violated her constitutional rights when he prevented her from speaking as a panelist at public listening sessions related to TJ's admissions policies. Compl. ¶¶ 1–2. § 1983 provides a cause of action for any person whose constitutional rights have been violated by a state actor under color of state law. 42 U.S.C. § 1983. The statute itself has no explicit statute of limitations. Instead, federal courts apply the statute of limitations used for personal injury claims in the relevant state. *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014); *Nasim v. Warden*, 64 F.2d 951, 955 (4th Cir. 1995).

Here, both Nomani's First and Fourteenth Amendment claims are brought pursuant to § 1983 (Compl. at 1), and the same statute of limitations analysis applies to both alleged constitutional violations. *See Knickman v. Prince George's County*, 187 F. Supp.2d 559, 563–64 (D. Md. 2002) (holding that the plaintiff's First and Fourteenth Amendment claims should be grouped together under the same statute of limitations pursuant to § 1983); *Crawford v. Herring*, No. 3:20-CV-744, 2021 WL 3024289 at *2 (E.D. Va. July 16, 2021) ("§ 1983 claims are uniformly treated as personal injury claims for statute of limitations purposes, regardless of the underlying constitutional issue.").

Personal injury claims in Virginia have a two-year statute of limitations. Va. Code § 8.01-243(A). Although state law provides the specific limitations period for a § 1983 claim, federal law governs when that claim accrues—or put more colloquially, when the clock on the claim's statute

of limitations starts running. *See Nasim*, 64 F.3d at 955. And, under federal law, the clock starts running when a plaintiff becomes aware of his or her injury, or when she "is put on notice . . . to make reasonable inquiry" as to whether a claim exists. *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)).

With respect to the September 15, 2020 listening session, Nomani alleges that she suffered a personal injury when she was prohibited from participating as a panelist at that session. Compl. ¶¶ 39–40. She also alleges that her lack of notice—and her inability to challenge Qarni's decision *before* the event occurred—was a constitutional violation. *Id.* at. ¶ 41. Thus, Nomani was aware of her injury by the time the listening session occurred on September 15, 2020. Accordingly, the statute of limitations accrued the day of the listening session, at the latest, and, pursuant to Virginia's timeline for personal injury claims, Nomani must have asserted her claims by September 15, 2022—two years after the listening session. Here, Nomani filed her Complaint on September 19, 2022—four days after the statute of limitations expired with respect to the September 15, 2020 listening session. Nomani's claims related to the September 15, 2020 session are therefore time-barred, and the Court dismisses those claims with prejudice.

With respect to the September 17, 2020 and December 1, 2020 events, the Court dismisses those claims for failure to state a claim for relief. Nomani alleges that Qarni violated her First and Fourteenth Amendment rights with respect to these two events but she fails to provide any specific factual allegations about them or Qarni's conduct surrounding them, other than that the September 17, 2020 event was a "town hall" for TJ alumni and that the December 1, 2020 event was a "public meeting" for Asian-American community leaders. Compl. ¶¶ 26, 41. "[N]aked  assertions" that Qarni's conduct was unconstitutional without "further factual enhancement" is insufficient to state a claim for relief under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555. Because there are no facts

to support that Nomani's constitutional rights were violated as it relates to these two sessions, the Court dismisses Nomani's claims with respect to the September 17, 2020 and December 1, 2020 events without prejudice.

## IV.   CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 13) is **GRANTED**; it is further

**ORDERED** that Plaintiff's claims with respect to the September 15, 2020 listening session are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's claims with respect to the September 17, 2020 and December 1, 2020 events are **DISMISSED WITHOUT PREJUDICE.**

It is **SO ORDERED.**

\*      \*      \*

Should plaintiff wish to appeal this Memorandum Opinion & Order, plaintiff must file a written notice of appeal with the Clerk of this Court within thirty (30) days of the date of the entry of this Memorandum Opinion & Order. A written notice of appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff wants to appeal. Failure to file a notice of appeal within the stated period waives plaintiff's right to appeal this Memorandum Opinion & Order.

The Clerk is directed to forward copies of the Memorandum Opinion & Order to plaintiff *pro se*, and to close this civil action.

                                          /s/

                               Hon. Michael S. Nachmanoff
                               United States District Judge

June 27, 2023
Alexandria, Virginia